UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RONALD F. GREENSPAN, in his capacity as COURT-APPOINTED RECEIVER for AEQUITAS HOLDINGS, LLC, an Oregon limited liability company,

        Plaintiff,

    v.

MICHAEL J. NEWMAN, an individual; and SUSAN L. NEWMAN, an individual,

        Defendants.

Case No. 3:19-cv-375-JR

ORDER

Russo, Magistrate Judge:

    Plaintiff Ronald F. Greenspan, as the Court-appointed Receiver for Aequitas Holdings, LLC, brought this action against defendants Michael and Susan Newman (the Newmans) asserting breach of contract, breach of security agreement and foreclosure of security interest, money had and received, unjust enrichment, and foreclosure of pledge and voting agreement. After both

1 -   ORDER

parties moved for summary judgment, this Court granted summary judgment in favor of the Receiver on his claims for relief. Having found no genuine issue of material fact whether the Newmans failed to repay the loan as agreed in the promissory note and loan agreement, the Court invited the Receiver to submit a proposed judgment in accordance with the terms of the note and loan agreement. The Court then entered judgment as follows:

> 1. On plaintiff's First Claim for Relief, a judgment and money award against the defendants, jointly and severally, in the principal amount of $222,450.43, plus interest in the amount of $128,572.46 through March 8, 2019 and accruing thereafter at the daily amount of $97.51 until fully paid;
>
> 2. On plaintiff's Second Claim for Relief, plaintiff is entitled to:
>
>> (a) a declaration that plaintiff's interest in the Collateral is superior to any claim, right, title or interest of the defendants;
>>
>> (b) a judgment of claim and delivery directing the sheriff of Multnomah or any other county to take possession of the Collateral; and
>>
>> (c) the foreclosure of plaintiff's security interest in the Collateral in any manner provided by law;
>
> 3. Plaintiff's Third and Fourth Claims for Relief are dismissed as moot;
>
> 4. On plaintiff's Fifth Claim for Relief, plaintiff is entitled to:
>
>> (a) a declaration that plaintiff's interest in the pledged stock is superior to any claim, right, title or interest of the defendants;
>>
>> (b) the foreclosure and sale of plaintiff's security interest in the pledged stock in any manner provided by law; and
>
> 5. Pursuant to the parties' Agreements, plaintiff is entitled to its reasonable attorney fees, costs and disbursements incurred herein in an amount to be determined under FRCP 54(d).

Judgement and Money Award (ECF #38).

Defendants move the Court to reconsider the judgment and the Receiver moves for an award of fees.

2 -   ORDER

A.      Reconsideration of Judgment

Defendants assert that the summary judgment motions and the Court's order did not address the foreclosure issue, priority, perfection, or the scope and definition of the collateral. In addition, defendants argue plaintiff did not pursue its second or fifth claim for relief regarding the security and pledge of stock, and assert the only issue resolved on summary judgment is a money award on the promissory note.[1]

Defendants fail to appreciate the Court's determination that the Receiver sought and received summary judgment on all claims by demonstrating the absence of a genuine issue of material fact showing defendants entered into agreements, breached those agreements, and the terms of the security and pledge agreements that support the judgment entered in this case. See, e.g., Opinion and Order (ECF 36) at p. 8 ("the Receiver is entitled to summary judgment on his claims for relief."); Declaration of Brad Foster at Ex. 1 (ECF 27-1) at p. 28-29 (granting security interest in defined collateral and authorizing actions to perfect security interest), at p. 33 (authorizing lender to sell collateral and appoint a receiver), at p. 37 (stock pledge of shares in Dayspring Hardwood, Inc.); signed Security Agreement and signed Pledge Agreement (ECF 2-3 and 2-4). The security agreement and pledge agreement sufficiently and unambiguously identify the collateral and shares pledged. The documents underpinning the loan agreement grant the Receiver the authority to perfect his security interest, if necessary, and at any rate, defendants fail to identify any superior security interests in the collateral or stock. Accordingly, upon reconsideration, the Court affirms the judgment. If defendants fail to satisfy the money judgment, the Receiver may foreclose on the collateral and stock identified in the agreements.

---

[1] Although defendants failed to raise these arguments in opposing the summary judgment motion and arguably conceded the Receiver demonstrated no genuine issue of fact on these issues, assuming the defenses they relied upon for their own summary judgment motion were unavailing, the Court will reconsider the issues here.

3 -    ORDER

B.      Attorney Fees

As noted above, the Receiver is entitled to his reasonable attorney fees and costs pursuant to the loan and security agreements. Accordingly, the Receiver moves for an award of $109,745 in fees and $1986.79 in costs.

The Receiver seeks hourly rates ranging from $330 to $510 for attorney time and $230 for paralegal time. The Receiver seeks reimbursement for 252.7 hours of time. Defendants object to the hourly rate of attorney Sarah Cotton and the 47.2 hours expended by seven other lawyers on the behalf of the Receiver.

Plaintiff, as the party seeking fees, has the burden of showing that time spent by his attorneys was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, plaintiff must document the hours spent in the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397. Defendants, as the party opposing the fees, must then rebut plaintiff's evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397-98.

In determining the reasonableness of fees, the district court is not required to respond to each specific objection. Id. at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award.

Calculating a reasonable attorney's fee involves a two-pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court

4 -   ORDER

may adjust the award upward or downward to account for the Kerr factors not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable of skill, experience, and reputation to plaintiff's counsel of record. Blum, 465 U.S. at 897. Blum instructs courts to look at the prevailing market rates in the relevant market. Id. at 895, n. 11.

The fee claimant must demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Attorney Sara Cotton, who has been a trial attorney since 2008, seeks a combined hourly rate of $465 for 177.5 hours of work performed from June 2017 to April 2020. The Oregon State Bar 2017 Economic Survey of 2016 billing practices indicates a mean hourly rate, for a Portland attorney with 7-9 years of experience, of $282 and a 95th percentile rate of $400. For attorneys with 10-12 years of experience the rates are $283 and $410 respectively. For attorneys practicing in corporate litigation, the rates are $367 and $525 respectively. The Super Lawyers Directory lists Ms. Cotton as a top rated business litigation attorney and a rising star from 2012-2018. Only

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

2.5 percent of lawyers are designated as "rising stars." See https://www.superlawyers.com/about/selection_process.html. Accordingly, a rate of $465 per hour is a rate the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation as Ms. Cotton. See Declaration of Sara Cotton at ¶¶ 10 and Ex. 11 (ECF 43 and 43-3) (Clackamas County Circuit Court Judge Susie L. Norby finds attorney Sara Cotton reasonably charged $480 per hour in 2019).

Defendants also speculate that because eight attorneys worked on the case, the work must have been cumulative and unnecessary. However, a review of the billing records does not demonstrate any redundant work. Defendants further argue that more work could have been performed by associate attorneys billing at a lower rate. However, this case is related to the equitable receivership of Securities and Exchange Commission v. Aequitas Management, LLC., Case No. 3:16-438-JR, and the attorneys working on matters in this case had historic information or relationships relating to that case which resulted in efficiencies that could not be obtained by relegating such matters to associates. Accordingly, the rates and time spent on this action were reasonable.

## CONCLUSION

Defendants' motion for reconsideration of the judgment (ECF 39) is granted and upon reconsideration, the Court affirms the judgment. In addition, the Receiver's motion for an award of fees and costs (ECF 42) is granted in the amount of $111,731.79.

DATED this 10th day of July, 2020.

    /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

6 -   ORDER